**ELLIOTT ASSOCIATES, L.P. and Westgate International, L.P. Plaintiffs–Appellants,**

v.

**Dennis C. HAYES, Ronald Howard, S.P. Quek, M.C. Tam, Chiang Lam, P.K. Chan, and Barbara Perrier Dreyer, Defendants–Appellees.**

**Docket No. 01–7078.**

United States Court of Appeals, Second Circuit.

Jan. 18, 2002.

David Parker, Kleinberg, Kaplan, Wolff & Cohen, P.C., Edward P. Grosz and Denise Rubin Glatter on the brief, New York, NY, for Appellant.

Joseph G. Finnerty, III, Piper, Marbury, Rudnick, & Wolfe, LLP, Marilla Ochis and Joshua Sohn on the brief, New York, NY, for Appellees.

Present LEVAL, CABRANES and STRAUB, Circuit Judges.

## SUMMARY ORDER

IN CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is **AFFIRMED.**

Plaintiffs Elliott Associates, L.P. and Westgate International, L.P. appeal from the district court's dismissal under Fed. R.Civ.P. 12(b)(6) of their claims alleging violations of (1) § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b); (2) Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5, and (3) § 20(a) of the 1935 Act, 15 U.S.C. § 78t(a). The complaint alleges that defendants committed actionable fraud because they intended, at the time of executing their investment agreement with plaintiffs, not to honor their contractual obligation of allowing an "absolute and unconditional" right to convert preferred shares into common shares.

We agree with the district court that the complaint failed to allege particular facts supporting a strong inference of fraudulent intent. As a result, it failed to satisfy the requirement of the Private Securities Litigation Reform Act. 15 U.S.C. § 78u–4(b)(2).

Accordingly, the judgment of the district court is **AFFIRMED.**